they grow up, that there is no inherent sanctity in the marriage bond, that duty is an old-fashioned notion, that the desire of the heart or the craving of the senses is the essential thing, and that all acts are righteous which lead to their gratification? It would be better for these children—better for their future here, and better for that wider future which lies beyond—that they should share the modest and humble environment of their innocent father than enjoy the material advantages, or even a mother's love, at the expense of principle and morality. Their choice should not weigh with us for a moment. If they desire to live with the daily and hourly spectacle of this new home before their eyes, their moral sensibilities have already been blunted, or else they are too young to appreciate the situation. In either case a court of justice should not fail to guard and guide them correctly. The sorrow of the moment will be effaced when they realize, under less "progressive" and more righteous teachings, what it is from which they have escaped. I cannot but think that the affirmance of this provision of the judgment appealed from would be a lasting stain upon the records of the court. Before such a precedent is made,—rewarding the guilty, punishing the victim, and dooming the children to participation in successful evil,—there should at least be protest.

The judgment, so far as appealed from, should therefore be reversed, and the custody of the children awarded to the plaintiff.

VAN BRUNT, P. J., concurs.

---

(30 Misc. Rep. 434.)

## LEIBEL et al. v. LIGHT.

(Supreme Court, Appellate Term. February 8, 1900.)

1. CONTRACTS—BREACH.

Where plaintiff deposited $120 as security for prompt payment of that sum monthly for clippings, to be delivered by defendant weekly for a year, payments to be made on the 1st and 15th of each month, and plaintiff, on the 4th of a month within the period covered by the contract, refused to pay the stipulated sum on obtaining the clippings, defendant was thereby relieved from further liability under the contract.

2. SAME—PAROL EVIDENCE—ADMISSIBILITY.

Where a written contract requiring plaintiff to pay $120 per month for clippings, to be delivered by defendants weekly for a year, was acted on by both parties, and regarded as expressing the agreement between them, parol evidence of conversations, before the making of the agreement, as to whether all the clippings should be delivered, and as to whether anything was said as to the amount to be delivered, was inadmissible.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Jacob Leibel and another against Benjamin Light. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

J. L. Weinberg, for appellant.

Meyer & Josephson, for respondents.

MacLEAN, J. During three years, as was testified by the one of the plaintiffs who appeared as a witness on this trial, which was the second of the cause, the plaintiffs had been buying clippings from the defendant at $28 a week. In the latter part of 1897 the parties entered into a new agreement for 1898, as was evidenced by a paper running:

"New York, December 30th, 1897.

"Received from Leibel Bros. the sum of one hundred and twenty dollars ($120.00) as deposit and security for the prompt payment to us of one hundred and twenty dollars ($120.00) monthly for clippings, to be delivered by us to said Leibel Bros. weekly, commencing January 3rd, 1898, and ending December 31st, 1898. Above sum to be paid to us in two installments, of sixty dollars ($60.00) each, semimonthly,—the 1st and 15th of every month.

"Leibel Bros.
"B. Light & Co."

The plaintiffs entered upon the performance of the above agreement, and twice in each of the months of January, February, and March took the clippings produced by the defendant in the manufacture of clothing, and at each time of taking the clippings paid the semimonthly installment of $60. On the 1st or the 4th of April the plaintiffs called-for and gathered up the clippings, and placed the bags in which they were packed on the elevator, to take them away. An employé of the defendant then asked for the $60, and one of the plaintiffs, who was alone on the elevator, stated that he would get the money from his brother, who was downstairs, and bring it up. Neither of the plaintiffs returned with the money, and neither ever paid the $60. On April 15th the plaintiffs again called, and attempted, somewhat surreptitiously, it seems, to remove the clippings without paying the installment for that lot or for the preceding lot. The plaintiffs were again stopped on the elevator, and this time refused permission to take the clippings away without the payment. After some delay this action was brought for "money had and received." Like this, the former trial resulted in a verdict in favor of the plaintiff; but the former judgment was set aside upon appeal, without discussion of the "many other grounds urged against the judgment," because, "under the charge of the court, the jury had no other recourse than to find that defendant had broken the contract by his refusal to allow plaintiffs to take the clippings without paying for them, and that therefore plaintiffs were entitled to the return of their deposit." (Sup.) 55 N. Y. Supp. 705. The justice had said on that trial that "there is nothing in this contract which gave the defendant that right, to wit, to keep back the second bill of goods, and refuse to deliver any more, because the first had not been paid for. I charge you there is nothing in the contract which allowed the defendant to break it for that reason. * * * I am of opinion that the defendant had no right, under the terms of this contract, to refuse to deliver goods because the former lots were not paid for." This second judgment also rests upon erroneous grounds. The agreement between the parties was broken by the plaintiffs themselves, and the defendant relieved from liability, when they failed and refused to pay according to its terms. As the paper copied above constituted the agreement between the parties herein, and it was so regarded and

acted upon by them, the justice erred in receiving, as he did, despite due objection and exception of the defendant, testimony as to alleged conversations before the making of the agreement, so as to find out, as he said, "whether or not all the clippings should be delivered, and if there was anything said about the amount that would likely be"; and for which ruling there was the less excuse, as the defendant had already admitted that the term "clippings," in the written agreement, was understood to mean all clippings produced in defendant's business,—the manufacture of clothing. The judgment, therefore, should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.